UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CALVIN SMITH                                                                                    PLAINTIFF

v.                                                              CIVIL ACTION NO. 3:14cv447-DPJ-FKB

PRO LOGISTICS INC. 1, et al.                                                        DEFENDANTS

ORDER

This *pro se* employment-discrimination case is before the Court on Defendants' Motion

to Dismiss for Failure to State a Claim upon Which Relief Can Be Granted [6].[1]  Because the

Complaint fails to state a claim, the motion is granted.

I.        Facts and Procedural History

Plaintiff Calvin Smith, an African-American male, asserts that he worked as a contract

employee for Defendant Pro Logistics Inc. 1 in 2012 and 2013.  He claims that Pro Logistics; Joe

Golic, its Vice President; and Derrick Harper, its Operations Manager, discriminated against him

on the basis of his race and age, subjected him to a hostile work environment, and unlawfully

terminated his employment in December 2013.

Aggrieved by his treatment, Smith filed this lawsuit on June 6, 2014, asserting claims for

alleged violations of the First, Fourth, Fifth, Fourteenth, and Sixteenth Amendments to the

United States Constitution; violations of "Fair Labor Standards Laws and EEOC Federal

Protection Laws," Compl. [1] at 1; and claims under 42 U.S.C. §§ 1983 and 1985.  Defendants

moved to dismiss [6], and Smith failed to file a timely response, so on August 20, 2014, the

Court entered a show-cause order, requiring a response from Smith on or before August 28,

---

[1]The motion was filed by Defendants Pro Logistics Inc. 1 and Derrick Harper.  Defendant
Joe Golic filed a separate joinder in the motion [9].

2014.  Smith filed a response [11] on August 27, 2014, Defendants timely filed a rebuttal [12],

and Smith filed a "Cross Rebuttal" [13].  The Court is prepared to rule.

II.      Standard

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as

true, viewing them in the light most favorable to the plaintiff.'"  *Martin K. Eby Constr. Co. v.*

*Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188

F.3d 322, 324 (5th Cir. 1999)).  However, "the tenet that a court must accept as true all of the

allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of

the elements of a cause of action, supported by mere conclusory statements, do not suffice."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007)).

To overcome a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim

to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "Factual allegations must be

enough to raise a right to relief above the speculative level, on the assumption that all the

allegations in the complaint are true (even if doubtful in fact)."  *Id.* at 555 (citations and footnote

omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Iqbal*, 556 U.S. at 678.

In this case, Smith is proceeding *pro se*.  "It is well-established that 'pro se complaints

are held to less stringent standards than formal pleadings drafted by lawyers.'"  *Taylor v. Books*

*A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citing *Miller v. Stanmore*, 636 F.2d 986, 988

(5th Cir. 1981)).  "However, regardless of whether the plaintiff is proceeding *pro se* or is

represented by counsel, 'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Id.* (citing *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001)).

Because Defendants move under Rule 12(b)(6) and not Rule 12(b)(1), they seem to acknowledge that the issues—including the alleged failure to exhaust—are non-jurisdictional. There is certainly support for that position, although panels from the Fifth Circuit have handled the exhaustion issue differently. *See Pacheco v. Mineta*, 448 F.3d 783, 788 n.7 (5th Cir. 2006) (noting conflict in prior Fifth Circuit opinions on jurisdictional nature of Title VII exhaustion requirements). The Court will therefore take the same approach and apply Rule 12(b)(6). Under that rule, the Court ordinarily looks only to the face of the complaint to assess whether the plaintiff states a claim, though it may consider documents outside the complaint that are "(1) attached to the motion; (2) referenced in the complaint; and (3) central to the plaintiff's claims." *Maloney Gaming Mgmt., L.L.C. v. St. Tammany Parish*, 456 F. App'x 336, 341 (5th Cir. 2011).

III.    Analysis

Liberally construing Smith's Complaint, the Court finds that Smith appears to assert the following claims: (1) claims under the FLSA, (2) employment-discrimination claims under the ADEA and Title VII, (3) claims under §§ 1983 and 1985, and (4) separate claims for violations of various constitutional provisions. The Court will address each set of claims in turn.

A.    FLSA claims

Smith makes a single reference to "Fair Labor Standard Laws." Compl. [1] at 1. "[T]he FLSA was designed to give specific minimum protections to individual workers and to ensure that each employee covered by the Act would receive [a] fair day's pay for a fair day's work and

would be protected from the evil of overwork as well as underpay." *Barrentine v. Ark.-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981) (alteration in original) (emphasis omitted) (internal quotation marks omitted).  The Complaint contains no factual allegations that would support a claim under the FLSA, so any FLSA claim is dismissed without prejudice.

   B.   Employment-Discrimination Claims

   Smith asserts that he was subjected to unlawful race and age discrimination.  But he does not allege that he filed a charge of discrimination with the EEOC prior to filing suit.  "A plaintiff alleging workplace discrimination must exhaust his administrative remedies before he may sue under the ADEA[ or] Title VII . . . ."  *Castro v. Tex. Dep't of Crim. Justice*, 541 F. App'x 374, 379 (5th Cir. 2013).  To exhaust, a plaintiff "must file an administrative charge with the [EEOC]."  *Pacheco*, 448 F.3d at 788 n.6.

   In response to Defendants' motion, Smith asserts that he "did go to EEOC, And they stated 'that there was nothing that they could do, and for him to go further, Possibly, Federal Court.'"  Pl.'s Resp. [11] at 1; *see also id.* at 2 ("Plaintiff, being the aggrieved party, did exhaust his Administrative remedies, when, he went to EEOC, and they misled him, in saying that There was nothing that they could do, take it further, take it to Federal Court.").  But as stated, the Court limits its review to the allegations of the Complaint, and there is nothing in that pleading suggesting any effort to exhaust administrative remedies.  This failure justifies dismissal without prejudice of his race and age discrimination claims.  *See Martin K. Eby Constr. Co.*, 369 F.3d at 467 nn.4–5 (explaining that "Rule 12(b)(6) forms a proper basis for dismissal for failure to exhaust administrative remedies," and that a Rule 12(b)(6) dismissal for failure to exhaust "is without prejudice to the claimant's right to return to court after it has exhausted its

administrative remedies").[2]

Finally, Smith appeared to take another approach in his Cross Rebuttal, attaching a December 12, 2013 Charge of Discrimination he filed against A Dependable Driver Services. Cross Rebuttal [13] Ex. A.  As Defendants' motion was filed under Rule 12(b)(6), the Court cannot consider the attachment to the Cross Rebuttal without converting the motion under Rule 12(d).  The Court declines to do so.  Regardless, Smith did not plead—and has never indicated—that he filed a charge of discrimination against *these* Defendants with the EEOC.

C.      Claims Under 42 U.S.C. §§ 1983 and 1985

"Section 1983 provides a claim against anyone who, 'under color of' state law, deprives another of his or her constitutional rights."  *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 452 (5th Cir. 1994) (en banc).  "A person acts under color of state law if he misuses 'power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"  *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 464 (5th Cir. 2010) (internal quotation marks omitted).

Smith seems to misunderstand this requirement, but in laymen's terms, it limits § 1983 claims to those against wrongdoers who are associated with the State and acting under its authority (in this case the State of Mississippi).  There are instances, though rare, when a private individual or company can be found to act under color of law, but "state action may be found in those circumstances if, though only if, there is such a close nexus between the State and the

_____

[2]Smith's claim in his responses that the EEOC misled him *might* suffice to seek equitable tolling if he attempts to file a delinquent charge of discrimination.  *See Hull v. Emerson Motors/Nidec*, 532 F. App'x 586, 587–89 (5th Cir. 2013).  But the statute still requires a right-to-sue letter, so exhaustion has not yet occurred.

challenged action that seemingly private behavior may be fairly treated as that of the State

itself." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)

(internal quotation marks omitted); *see also id.* at 295 n.2 ("If a defendant's conduct satisfies the

state-action requirement of the Fourteenth Amendment, the conduct also constitutes action

'under color of state law' for § 1983 purposes.").  Smith does not allege that

Defendants—private, non-government actors—acted under color of state law.  His § 1983 claim

must be dismissed.

> Nor has Smith sufficiently pleaded a § 1985 conspiracy claim.

> To state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege:  (1) a
> conspiracy involving two or more persons; (2) for the purpose of depriving,
> directly or indirectly, a person or class of persons of the equal protection of the
> laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a
> person or property, or a deprivation of any right or privilege of a citizen of the
> United States.  In so doing, the plaintiff must show that the conspiracy was
> motivated by a class-based animus.

*Hilliard v. Ferguson*, 30 F.3d 649, 652–53 (5th Cir. 1994) (footnote omitted).  Smith asserts that

the fact that he has sued "at least two" persons shows that he has alleged a claim for conspiracy.

Pl.'s Resp. [11] at 3.  But nowhere in the Complaint does Smith allege an agreement among

Defendants, nor does he claim that any alleged conspiracy was "motivated by a class-based

animus."  *Hilliard*, 30 F.3d at 653.  Smith fails to state a claim under § 1985.

D.      Various Constitutional Claims

For the same reason his § 1983 claim fails, Smith's claims that Defendants violated his

rights under the First, Fourth, Fifth, and Fourteenth Amendments likewise fail:  Smith has not

pleaded that Defendants are federal or state actors.  *See Rundus v. City of Dall., Tex.*, 634 F.3d

309, 312 (5th Cir. 2011) (explaining that to prove violation of First Amendment, plaintiff must

establish involvement of state action); *Priester v. Lowndes Cnty.*, 354 F.3d 414, 421 (5th Cir. 2004) (stating that plaintiff alleging Fourteenth Amendment claim "must also show that state action caused his injury"); *Marie v. Vicksburg Chem.*, No. 2:07cv343-KS-MTP, 2008 WL 346093, at *3 (S.D. Miss. Feb. 6, 2008) (collecting similar cases on Fourth and Fifth Amendments).  As for a claim under the Sixteenth Amendment, Smith's allegations bear no connection to the provision permitting Congress "to lay and collect taxes on income."  U.S. Const. amend. XVI.

E.      Leave to Amend

In *Hart v. Bayer Corp.*, the Fifth Circuit explained that granting a motion under Rule 12(b)(6) should ordinarily include leave to amend:

> [A] plaintiff's failure to meet the specific pleading requirements should not automatically or inflexib[ly] result in dismissal of the complaint with prejudice to re-filing.  Although a court may dismiss the claim, it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so.

199 F.3d 239, 247 n.6 (5th Cir. 2000) (citation omitted).  The Court will permit Smith the opportunity to seek leave to amend, in part, as set forth below.

IV.    Conclusion

The Court has considered all of the parties' arguments.  Those not specifically addressed would not have changed the outcome.  For the foregoing reasons, Defendants' Motion to Dismiss for Failure to State a Claim upon Which Relief Can Be Granted [6] is granted.

Smith's Title VII and ADEA claims are dismissed without prejudice but without leave to amend.  His responses to Defendants' motion demonstrate that he never received a right-to-sue letter and therefore has not presently exhausted administrative remedies.  Because he has

currently pleaded his best case, leave to amend will not be granted as to those claims.

All remaining claims are dismissed without prejudice, but Smith may file a motion for leave to amend—attaching a proposed amended complaint—on or before Friday, October 24, 2014.  Failure to move to amend within the time permitted will result in the dismissal without prejudice of this case.

**SO ORDERED AND ADJUDGED** this the 10th day of October, 2014.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE