UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CALVIN SMITH                                                                                           PLAINTIFF

v.                                                                       CIVIL ACTION NO. 3:14cv447-DPJ-FKB

PRO LOGISTICS INC. 1, et al.                                                                   DEFENDANTS

ORDER

This *pro se* employment-discrimination case is before the Court on Plaintiff Calvin Smith's Motion for Reconsideration of the Order of the Court and Leave to Amend Pleading for Good Cause [15]. On October 10, 2014, the Court granted Defendants' motion to dismiss but gave Plaintiff until October 24, 2014 to "file a motion for leave to amend—attaching a proposed amended complaint" and warned him that "[f]ailure to move to amend within the time permitted will result in the dismissal without prejudice of this case." Order [14] at 7.

Rather than following the Court's instructions, Plaintiff filed his two-page motion for reconsideration on October 24, 2014. Plaintiff begins by stating that the Court ruled against him "without giving him an opportunity to address the Court personally and indicate any all matters that have brought him to Court." Mot. [15] at 1. If Plaintiff suggests that the Court should have held a hearing or allowing oral argument, Uniform Local Rule 7(b)(6)(A) states:

> The court will decide motions without a hearing or oral argument unless otherwise ordered by the court on its own motion or, in its discretion, upon written request made by counsel in an easily discernible manner on the face of the motion or response.

Plaintiff made no such request, and it would have been denied anyway because the motion was considered under Rule 12(b)(6), which limits the scope of review. Regardless, Plaintiff failed to initially respond to Defendants' motion, yet the Court gave him that opportunity by issuing a

show cause order, and then considered his response and his "Cross Rebuttal." The Court fully considered Plaintiff's responses before ruling.

In his motion for reconsideration, Plaintiff purports to seek leave to amend in the title of his motion, but he fails to attach a proposed amended complaint—as the Court said he must to avoid dismissal—and appears instead to concede that he has already pleaded his best case. He states in his first numbered paragraph, "Plaintiff feels that he has plead [sic] enough facts to state a claim to relief that is plausible on its face, citing Twombly, 550 U.S. at 570 . . . ." Pl.'s Mot. [15] at 1. The Court has already ruled that he has not, and the present motion fails to demonstrate that he could.

Plaintiff next claims the Court should have denied Defendants' motion because it was filed under the wrong rule, but he never identifies the correct rule. *Id*. Plaintiff may have been confused by the Court's observation that Defendants did not move under Rule 12(b)(1), but that observation was merely intended to show that Defendants' motion was not challenging the Court's jurisdiction and was instead brought under Rule 12(b)(6) to challenge the sufficiency of the Complaint. Oct. 10, 2014 Order [14] at 3.

As for the alleged failure to exhaust his statutory-employment claims, Plaintiff merely repeats his contention that the EEOC turned him away. Pl.'s Mot. [15] at 2–3. This is the same argument the Court addressed previously. Plaintiff did not, as instructed, submit a proposed amended complaint remedying his failure to plead exhaustion, and even if the Court were to consider the materials he previously submitted in his "Cross Rebuttal," it remains unclear that he ever exhausted.

Finally, Plaintiff persists in his claim that "Defendant[s] violated certain Constitutional Amendments." Mot. [15] at 2. But as the Court explained in its order on the motion to dismiss, private parties generally cannot violate an individual's constitutional rights. *See* Order [14] at 5–7. And to the extent Plaintiff views these as stand-alone claims brought directly under the Constitution, it is generally held that the Constitution itself does not create a private right of action. *See Hearth, Inc. v. Dep't of Pub. Welfare*, 617 F.2d 381, 382 (5th Cir. 1980) (noting that such claims are generally brought under § 1983). For this reason, the Court will dismiss the constitutional claims with prejudice.

In short, Plaintiff's motion provides no basis for reconsideration of the Court's order on Defendants' motion to dismiss, and Plaintiff has not demonstrated that he should be granted leave to amend. Plaintiff's motion [15] is denied, and the case is dismissed with prejudice as to the stand-alone constitutional claims. The balance of the Complaint is dismissed without prejudice. A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 27th day of October, 2014.

                                                    s/ *Daniel P. Jordan III*
                                                  UNITED STATES DISTRICT JUDGE